IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM E. BOWHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-679-WKW [WO] |
| | ) |
| NAACP BEVERLY HILLS, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On November 5, 2010, the Magistrate Judge filed a Report and Recommendation in this case.[1] (Doc. # 4.) In the Report and Recommendation, Plaintiff William E. Bowhall was given a deadline of November 19, 2010, to file objections to the Magistrate Judge's findings. (Doc. # 4, at 8.) On November 8, 2010, Mr. Bowhall filed a Request to Procede [sic] In Pro-Se, which after review, the court construes as an objection. (Doc. # 5.) Unsatisfied with his first bite of the objection apple, Mr. Bowhall also filed a Challenge / Motion of Objection (Doc. # 6), Motion for Extension of Time (Pro Se) (Doc. # 7), and Motion to Continue in Pro-Se (Doc. # 8) on November 17, 2010. The court construes each of these filings as both a motion for extension of time and further objections in his nine cases. The court has

---

[1] Mr. Bowhall has filed eight other civil actions in this court. *See Bowhall v. Johnson & Johnson*, No. 2:10cv601-WKW (July 14, 2010); *Bowhall v. Capitol-EMI Records, Inc.*, 2:10cv603-WKW (July 14, 2010); *Bowhall v. Office of James M. Deimen*, No. 2:10cv604-WKW (July 14, 2010); *Bowhall v. Howell High Sch. Bd. of Educ.*, No. 2:10cv605-WKW (July 14, 2010); *Bowhall v. Viacom, Inc.*, 2:10cv606-WKW (July 14, 2010); *Bowhall v. Dep't of Defense*, No. 2:10cv607-WKW (July 14, 2010); *Bowhall v. NBC, Inc.*, 2:10cv608-WKW (July 14, 2010); *Bowhall v. Obama*, No. 2:10cv609-WKW (July 14, 2010).

conducted a *de novo* review of those portions of the Report and Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1). For the following reasons, Mr. Bowhall's motions for extension of time and objections are due to be overruled.

In his ninth, and final, complaint, Mr. Bowhall casts a cacophony of conclusory conspiracy claims toward sixteen different political organizations. (Compl.) Mr. Bowhall alleges that Defendants entered into multiple conspiracies involving fraud and deceit, negligent misrepresentation, unfair competition, unjust enrichment, civil conspiracy, constitutional violations, civil rights violations, and abuse of office. (Compl. 4-12.) The only specific factual allegations underpinning these claims involve events that occurred in 1996 and 1997. (Compl. 3-10.) The Magistrate Judge appropriately found that Mr. Bowhall's state and federal claims were barred by the statute of limitations. (Doc. # 4, at 6-7.)

This court is obligated to provide Mr. Bowhall a *de novo* review "of those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 409 (11th Cir. 1982). Mr. Bowhall objects on the grounds that he is unable to research the law relied upon by the Magistrate Judge. (Doc. # 5, at 1-3.) In his supplemental objections, Mr. Bowhall further argues that the law relied on by the Magistrate Judge is "unobtainable for review by the Plaintiff," citing his own Yahoo! searches to prove their unavailability. (Doc. # 6, Ex. A, at 1-2; Doc. # 8, at 1; Doc. # 8, Ex. A, at 1-2.) Mr. Bowhall's arguments about his inability to research the law do nothing to toll the statute of limitations. *See, e.g., Wakefield v. R.R. Ret. Bd.*, 131 F.3d

967, 969-70 (11th Cir. 1997) (explaining that *pro se* status and ignorance of law are not factors that usually support the rarely employed relief of equitable tolling of the statute of limitations).

Further, in his twenty-six page exhibit to his Challenge / Motion of Objection (Doc. # 6, Ex. A) and Motion to Continue in Pro-Se (Doc. # 8, Ex. A)[2], Mr. Bowhall provides printouts of a compilation of federal statutes, state statutes, and a portion of a Supreme Court case for support of his motion for an extension of time and objections "as outlined in Plaintiffs [sic] Cause of Action files (9) Total, submitted to the Clerks [sic] office on, or after 7/14/2010." (Doc. # 6, at 2.) Mr. Bowhall's "law compilation" does nothing to bolster his objections in this case. Beyond his ignorance of the law and inability to research it, Mr. Bowhall provides no legal argument or reasoning to show that his "law compilation" supports his objections in this case. Though courts do show "a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," courts do not have "license to serve as de facto counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds*). This court has been more than lenient in construing Mr. Bowhall's filings as objections, and reviewing the merit of his shotgun conclusions. However, the court will not act as Mr. Bowhall's lawyer. To act otherwise would require this court to gather facts not pled by Mr. Bowhall, draw up

---

[2] Review of both Exhibits A (Docs. # 6 & 8) show that they are identical compilations of internet printouts of www.yahoo.com searches, and cases and statutes located at http://findlaw.com, www.law.cornell.edu, and http://supreme.justia.com with Mr. Bowhall's written conclusions and references in the margin.

arguments not made by Mr. Bowhall, then divine how his "law compilation" supports his objection to the Magistrate Judge in all nine of his cases.³ All Mr. Bowhall has provided the court is a print-out of a statute or a case and then written in the margin, "[t]he Magistrates ref. may be a [sic] mis-given [sic] and should be considered inappropriate," (Docs. # 6 & 8, Ex. A, at 1), "Irrelavant [sic] and mis-leading [sic] court citations of which this Plaintiff cannot obtain for factual accounts," (Docs. # 6 & 8, Ex. A, at 5), or simply "Reference To [or] See : [one or all of Mr. Bowhall's nine cases]." (Docs. # 6 & 8, Ex. A, at 4, 5, 6, 7, 12, 13-18, 23.) Simply copying various code books and reporters, scribbling a conclusion in the margin, and mailing the judge for a favorable ruling does not a legitimate objection make.

In addition, Mr. Bowhall draws the conclusion that the federal and state statute of limitations, and current anti-trust legislation enacted by Congress are "subjecting the United States to improper and undue economic hardships, and national security" and are "speculative and conspiratory [sic] in nature, to deprive Constitutional Rights to Due Process, and civil resolve . . . ." (Doc. # 6, at 1.) The court will not consider these arguments on the grounds that they are conclusory, unsupported by citation to supporting law, and frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989) (upholding 28 U.S.C. § 1915 dismissal for claims based on "clearly baseless" factual contentions, infringement of "a legal interest which clearly does not exist," or an indisputably "meritless legal theory"). Mr. Bowhall's "fantastic and delusional scenarios" discussed in this case and others are exactly

---

³ The court notes that the Magistrate Judge has not issued a Report and Recommendation in *Bowhall v. Obama*, 2:10cv609-WKW (July 14, 2010).

the class of claims the Supreme Court found ripe for *sua sponte* dismissal under 28 U.S.C. § 1915. *Id.*

Finally, Mr. Bowhall does not raise any other specific contentions with the Magistrate Judge's Report and Recommendation *in this case*. Rather, he merely aggregates and cites his previous objections in his other cases as applicable in this case. (Docs. # 5-8.) In reviewing these objections, the court finds that the statutes cited by Mr. Bowhall concerning copyrights, patents, anti-trust claims, commercial space launches, pirated vessels, and commercial aviation do nothing to toll the statute of limitations in this case. (Doc. # 5, at 2-6.) Nor does Mr. Bowhall show how his citations to cases concerning discrimination and "issues of unconstitutional law," or his claim of "all rights under U.S. Code to obtain . . . his [c]onstitutional rights" form a coherent objection to the Magistrate Judge's Report and Recommendation. (Doc. # 5, at 7-8.) Accordingly, the Magistrate Judge's Report and Recommendation is due to be adopted and Mr. Bowhall's objection is due to be overruled.

Accordingly, it is ORDERED as follows:

1. Plaintiff's objections (Docs. # 5, 6, 7, 8) are OVERRULED.

2. Plaintiff's motions for additional time to object to the Magistrate Judge's Report and Recommendation (Doc. # 5, at 7; Doc. # 7) are DENIED.

3. The Magistrate Judge's Report and Recommendation (Doc. # 4) is ADOPTED.

4. Plaintiff's motion to proceed *in forma pauperis* (Doc. # 2) is GRANTED.

5.	Plaintiff's claims against Defendants are DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  An appropriate final judgment will be entered.

DONE this 18th day of November, 2010.

>	/s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE